UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MARATHON HEALTHCARE CENTER | : | CASE NO. 08-20597 (ASD) |
| OF TORRINGTON, LLC | : | |
| ------------------------------------------- | : | CHAPTER 7 |
| THOMAS C. BOSCARINO, TRUSTEE | : | |
| | : | |
| Plaintiff, | : | ADV. PRO. NO. 10-02047 |
| v. | : | |
| VALUE HEALTH CARE SERVICES, | : | |
| LLC | : | |
| | : | |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Value Health Care Services, LLC ("Value"), as and for its Answer and Affirmative Defenses to the complaint (the "Complaint") of Thomas C. Boscarino ("Plaintiff"), the Chapter 7 trustee in the above-captioned bankruptcy case, states as follows:

1. Value admits that Thomas C. Boscarino is the acting trustee in this case and leaves the Plaintiff to its proof on the remaining allegations in paragraph 1 of the Complaint.

2. The allegations contained in paragraph 2 of the Complaint state a legal conclusion to which no response is required.

3. Value admits, upon information and belief, the allegations in paragraph 3 of the Complaint.

4. Value admits the allegations in paragraph 4 of the Complaint.

5. Value is without knowledge or information pertaining to the Debtor's records, but admits that it received certain payments within ninety days before the filing of the Debtor's

petition, which payments were made in the ordinary course of business and in the contemporaneous exchange of new value, and leaves Plaintiff to its proof on the remaining allegations in Paragraph 5 of the Complaint.

6. Value admits the allegations in paragraph 6 of the Complaint.

7. Value is without knowledge or information as to the allegations of Paragraph 7. Value leaves Plaintiff to its proof on the remaining allegations in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations contained in paragraph 8 do require a response, Value denies the allegations.

9. Value admits that it received a letter from plaintiff dated March 3, 2010 demanding payment of the sum of $84,772.85 and further states that on March 31, 2010, Value replied to plaintiff stating that it had available to it complete defenses to any preference liability pursuant to 11 U.S.C. §§ 547(c)(1) and (c)(2).

## Affirmative Defenses

Value reserves the right to assert all applicable defenses to the claims asserted by the Plaintiff and all applicable responses to the Complaint. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Rule 8(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding through Rule 7008 of the Federal Rules of Bankruptcy Procedure, and without conceding that any such defenses must be set forth in this Answer, the Value states as follows:

## First Affirmative Defense

10. The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

11. The alleged transfer described in the Complaint was a transfer which is not avoidable by the Plaintiff, in that the transfer was made: (a) in payment of debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Value; (b) in the ordinary course of business or financial affairs of the Debtor and Value; and (c) according to ordinary business terms.

**Third Affirmative Defense**

12. Upon information and belief the Debtor received fair consideration or reasonably equivalent value in exchange for the alleged transfer identified in the Complaint.

**Fourth Affirmative Defense**

13. Upon information and belief the alleged transfer was not made by the Debtor, nor were any obligations incurred by the Debtor, with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

**Fifth Affirmative Defense**

14. Upon information and belief the alleged transfer was not made and/or incurred by the Debtor at a time the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debt beyond the Debtors' ability to pay as they became due.

**Sixth Affirmative Defense**

15. Upon information and belief, the alleged transfer was intended by the parties to be, and in fact was, contemporaneous exchange for new value within the meaning of 11 U.S.C. § 547(c)(1).

### Seventh Affirmative Defense

16. Upon information and belief the alleged transfer made by Debtor to Value were made in the ordinary course of business or financial affairs of the Debtor and Value and were made according to ordinary business terms within the meaning of 11 U.S.C. §547 (c)(2).

WHEREFORE, Defendant, Value Health Care Services, LLC, prays that this Court enter judgment in its favor and against the trustee herein dismissing this complaint with prejudice, and grant Value Health Care Services, LLC such other and further relief as this Court deems just and proper.

Dated this 26th day of April, 2010 at Greenwich, Connecticut.

IVEY, BARNUM & O'MARA, LLC

By: /s/ Melissa Zelen Neier
    Melissa Zelen Neier, Esq.
    Federal Bar No.: CT25055
    Carol Faherty, Esq.
    Federal Bar No. CT25219
    170 Mason Street
    Greenwich, CT  06830
    Telephone: (203) 661-6000
    Facsimile: (203) 661-9462
    E-mail: mneier@ibolaw.com
           cfaherty@ibolaw.com